NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORRIS BROOKS, <br><br> Petitioner, <br><br> v. <br><br> JOHN TSOUKARIS, et al., <br><br> Respondents. | Civil Action No. 17-13156 (CCC) <br><br> **MEMORANDUM OPINION AND ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the constitutionality of Petitioner's immigration detention. The Court ordered Respondent to answer, (ECF No. 2), Respondent filed an answer, (ECF No. 5), and Petitioner filed a reply, (ECF No. 7). The Court has reviewed the parties' submissions and denies the Petition.

The parties disagree as to whether Petitioner is subject to a final order of removal. However, there is no dispute that Petitioner was previously subject to a final order of removal, and was in fact removed from the country. Subsequently, Petitioner illegally reentered the United States, and upon his discovery, the order of removal was reinstated against him. Petitioner then moved for a withholding of removal to his home country, which is currently pending before the immigration court. Because Petitioner's withholding proceeding is ongoing, he argues that his removal order is not final for the purposes of his habeas petition.

The Court rejects Petitioner's argument. Although the Third Circuit has not ruled on this exact issue, another court in this District has recently concluded, in an exhaustive opinion, that the existence of a withholding proceeding does not render a reinstated order of removal non-final. *See*

*Pina v. Castille*, No. 16-4280, 2017 WL 935163, at *4-8 (D.N.J. Mar. 9, 2017). This is consistent with the Third Circuit's prior holding that an "order reinstating [a] prior order of removal is [the] functional equivalent of [a] final order of removal." *Pierre v. Att'y Gen. of U.S.*, 506 F. App'x 175, 178 (3d Cir. 2012) (citing *Dinnall v. Gonzales*, 421 F.3d 247, 251 n.6 (3d Cir. 2005)). Indeed, given that the statute authorizing withholding proceedings is the same statute that authorizes post-removal-order detentions, *see* 8 U.S.C. §§ 1231(a)(2) & (b)(3), it would appear to be inconsistent for the Court to conclude that a proceeding concerned with only *where* an alien may be deported somehow alters the finality of the removal order itself—after all, a withholding is applicable only after a determination has been made that an alien is deportable in the first instance. *See Pina*, 2017 WL 935163, at *4. As such, the Court agrees with and adopts *Pina*'s holding.

Having determined that Petitioner is subject to a final order of removal, his detention is governed by *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Zadvydas* held that the government must "limit[] an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689. To guide habeas courts, the Supreme Court recognized six months as a presumptively reasonable period of post-removal-order detention. *See id.* at 701. The Supreme Court also held that, to state a claim under § 2241, the alien must provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *See id.* Specifically, the Supreme Court determined:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.*

Here, Petitioner has not established that removal is unlikely in the reasonably foreseeable future. To begin, removal to his home country has already occurred once. Beyond the ongoing withholding proceeding, Petitioner has submitted no evidence to show why removal is unlikely given that the government has already successfully done so previously. Instead, it is more reasonable to conclude that removal is foreseeable as soon as the request for withholding is denied. While a *grant* of withholding may change the calculus, Petitioner has given the Court no indication that the grant is likely or imminent, and the Court will not substitute itself as the immigration court to determine the answer to that question, in the face of a valid final order of removal that has been executed once already. Without establishing that removal is unlikely in the reasonably foreseeable future, Petitioner has not satisfied his burden of proof for entitlement to relief under *Zadvydas*.

Moreover, courts have held that where an alien's challenge to a removal order prevents his removal, the six-month reasonable period of *Zadvydas* is extended. *See Brodyak v. Davies*, No. 14-4351, 2015 WL 1197535, at *3 (D.N.J. Mar. 16, 2015) (citing *Evangelista v. Ashcroft*, 204 F. Supp. 2d 405, 409 (E.D.N.Y. 2002); *Soberanes v. Comfort*, 388 F.3d 1305, 1311 (10th Cir. 2004) (detention "directly associated with a judicial review process . . . has a definite and evidently impending termination point" and is therefore lawful); *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.4 (11th Cir. 2002) (the filing of a motion for stay of deportation interrupts the running of time under *Zadvydas*)); *see also* 8 U.S.C. § 1231(a)(1)(C) ("The removal period shall be extended . . . if the alien . . . acts to prevent the alien's removal subject to an order of removal."). Here, Petitioner's request for withholding has clearly prevented his removal. Although withholding has not been granted, a deportation to his home country would certainly frustrate and moot the request for withholding itself, so the government has no practical avenue to effectuate removal until that

proceeding concludes. The government should not be found in violation of the Constitution for affording an alien, in good faith, the chance to fully litigate his claim for relief in the immigration court. *See Brodyak*, 2015 WL 1197535, at *3; *Phrance v. Johnson*, No. 14-7693, 2015 WL 8361780, at *2 (D.N.J. Dec. 8, 2015); *Concepcion v. Aviles*, No. 15-2053, 2015 WL 3794776, at *4 (D.N.J. June 17, 2015); *see also Abimbola v. Ridge*, 181 F. App'x 97, 99 (2d Cir. 2006) ("As the District Court noted, a self-inflicted wound should not establish grounds for Abimbola's *Zadvydas* claim."). Accordingly,

IT IS on this __31__ day of __May__, 2018,

**ORDERED** that the Petition is hereby **DENIED WITHOUT PREJUDICE** to allow Petitioner to file another petition if he can establish his entitlement to relief under *Zadvydas* in the future; and it is further

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner, and shall **CLOSE** the file.

Claire C. Cecchi, U.S.D.J.